UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR AN INTERNET FRAUD INVESTIGATION | ML No.: 19-1207 |

Reference:      *DOJ Ref. # CRM-182-68267*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Bulgaria.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.      The Supreme Prosecutor's Office of Cassation of the Republic of Bulgaria

submitted a request for assistance (the Request) to the United States, pursuant to the Instrument

as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the

United States of America and the European Union signed 25 June 2003 as to the application of

the Treaty Between the Government of the United States of America and the Government of the

Republic of Bulgaria, Bulg.-U.S., September 19, 2007, S. TREATY DOC. NO. 110-12 (2007)

(the Treaty). The Sofia Regional Prosecutor's Office, in Bulgaria, is investigating an unknown target for fraud, which occurred between in or about January and April 2018, in violation of the criminal law of Bulgaria, specifically, Article 212(a)(1) of the Bulgarian Criminal Code. Under the Treaty, the United States is obligated to assist in response to the Request.

2.       According to Bulgarian authorities, the target, an unidentified person, unlawfully accessed emails between the victim company and the victim company's regular supplier, Dong Yang Special Metal Co. LTD (Dong Yang LTD). The victim company produces "step regulators," and Dong Yang LTD provides "elements" to the victim company to be used in the production of the "step regulators."

3.       On March 2, 2018 or March 3, 2018, the target posed as a Dong Yang LTD representative and sent a fake email to the victim company, stating that Dong Yang LTD's bank account had been changed from a Woori bank account in Korea to a Bank of America account in New York, account number XXXXXXXX3125, held in the name of Dong Yang Imports and Exports Inc.—a subsidiary of Dong Yang LTD—and that all payments should be sent to the new account in the future. On March 5, 2018, the target sent another email requesting payment from the victim company for the order the company had previously completed.

4.       On March 6, 2018, based upon the target's false representations in the e-mails, the victim company transferred 351,394 EURO (approximately, 396,071 USD) to the Bank of America account. Later, on April 19, 2018, Dong Yang LTD contacted the victim company via email and requested payment for the order. Believing it had already transferred the funds for payment, the victim company realized it had been defrauded. During the investigation, Bulgarian authorities learned that the target sent the fake emails from an IP address in South Africa.

5.      To further the investigation, Bulgarian authorities have asked U.S. authorities to:
(1) obtain bank records pertaining to Bank of America account number XXXXXXXX3125 and
(2) interview the account holder, if the holder can be found in the United States.

LEGAL BACKGROUND

6.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions
of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura
v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801);
United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty
should be construed liberally "to give effect to the purpose which animates it."  United States v.
Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the
provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes
the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

7.      The United States and Bulgaria entered into the Treaty to promote more effective
judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl.
The Treaty obligates each party, upon request, to provide assistance to the other in criminal
investigations, prosecutions, and related proceedings, including assistance in serving documents,
obtaining testimony, statements, records, and executing searches and seizures. Article 1.  In
addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures
to further the execution of such requests. Article 2 ("Where the joint investigative team needs
investigative measures to be taken in one of the States setting up the team, a member of the
team of that State may request its own competent authorities to take those measures without
the other State(s) having to submit a request for mutual legal assistance.").

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

8.      When executing a treaty or non-treaty request for assistance from a foreign

authority, an attorney for the government may file an application to obtain any requisite court

orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and

provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of
> Justice, of an Attorney for the Government, a Federal judge may issue such orders
> as may be necessary to execute a request from a foreign authority for assistance in
> the investigation or prosecution of criminal offenses, or in proceedings related to
> the prosecution of criminal offenses, including proceedings regarding forfeiture,
> sentencing, and restitution.

> *            *            *

> [A]n application for execution of a request from a foreign authority under this
> section may be filed . . . in the District of Columbia.

> *            *            *

> The term "foreign authority" means a foreign judicial authority, a foreign
> authority responsible for the investigation or prosecution of criminal offenses or
> for proceedings related to the prosecution of criminal offenses, or an authority
> designated as a competent authority or central authority for the purpose of making
> requests for assistance pursuant to an agreement or treaty with the United States
> regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9.      Congress enacted this section to make it "easier for the United States to respond

to [foreign] requests by allowing them to be centralized and by putting the process for handling

them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen.

Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

2086.[2]  This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures
authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign
authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. §
3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests
were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc.,

authorized by an appropriate official of the Department of Justice, to issue orders that are

necessary to execute a foreign request.

10.     An application is duly authorized by an appropriate official of the Department of

Justice when the Office of International Affairs[3] has reviewed and authorized the request, and

executes the request itself or delegates execution to another attorney for the government.[4]  Upon

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders

as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers

or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the

taking of testimony or statements and/or the production of documents or other things.  *See* 18

U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to

facilitate the execution of the request, including any procedures requested by the foreign

authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

11.     Section 3512 also authorizes any person appointed to direct the taking of

testimony or statements and/or the production of documents.  The appointed person has authority

---

542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

<u>REQUEST FOR ORDER</u>

12.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Supreme Prosecutor's Office of Cassation of the Republic of Bulgaria, a designated Central Authority in Bulgaria, and seeks assistance in the investigation of fraud– a criminal offense in Bulgaria.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interview(s), falls squarely within that contemplated by Section 3512.  Finally, this application was properly filed in the District of Columbia.

13.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

14.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S.

criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to

any person other than the recipient (i.e., no notice to targets or defendants), orders and

commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and

the applicable treaty likewise should require no notice other than to the recipients. This is true

even if the Requesting State, as here, seeks financial records, because the Right to Financial

Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the

execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633,

639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the

Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request

for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F.

Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to

collect the evidence requested without notice to any person or entity(ies) other than the

recipient(s) of any given commissioner subpoena.

15.     Therefore, the United States respectfully requests that this Court issue the

attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela S.

George, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently

designated by the Office of International Affairs) as a commissioner, authorizing the undersigned

to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, to do so in a manner consistent with

the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:

Angela S. George
Trial Attorney
D.C. Bar No. 470567
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-4653 telephone
Angela.George@usdoj.gov

# ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA PURSUANT ）
TO 18 U.S.C. § 3512 FOR ORDER FOR ）
COMMISSIONER'S APPOINTMENT FOR AN ）
INTERNET FRAUD INVESTIGATION ）
）
）

Reference:    *DOJ#: CRM-182-68267*
***(Please repeat when responding.)***

## COMMISSIONER'S SUBPOENA

TO: Bank of America

I, Commissioner Angela S. George, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this

Court's Order signed on _____, for the purpose of rendering assistance to Bulgaria,

command that you provide the following documents regarding (an) alleged violation(s) of the

laws of Bulgaria; specifically,_____, in violation of _____

of the _____ Criminal Code.

Provide records to International Affairs Specialist Kathryn Hampton by emailing them to

Kathryn.Hampton@usdoj.gov or by mailing via Federal Express either a paper copy of the

records or any commonly used digital storage device loaded with the files to the following

mailing address by _____, 20__:

Kathryn Hampton
International Affairs Specialist
Office of International Affairs
Department of Justice, Criminal Division
1301 New York Ave, NW – Suite 800
Washington, DC 20530
202.307.6676

For failure to provide records you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

COMMISSIONER
Angela S. George
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-4653 telephone
Angela.George@usdoj.gov